IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

—————————————————————x
                                                        :
JAMES M. BAKER, On behalf of himself and all            :
others similarly situated,                              :       Case No. 1:05-cv-00272-GMS
                                                        :
                                Plaintiff,              :       CLASS ACTION
                                                        :
        vs.                                             :
                                                        :
MBNA CORP., BRUCE L. HAMMONDS,                          :
KENNETH A. VECCHIONE, RICHARD K.                        :
STRUTHERS, CHARLES C. KRULAK, JOHN                      :
R. COCHRAN, III, MICHAEL G. RHODES,                     :
LANCE L. WEAVER, and JOHN W.                            :
SCHEFLEN,                                               :
                                                        :
                                Defendants.             :
                                                        :
—————————————————————x
                                                        :
ROCHELLE PHILLIPS, On behalf of herself and             :
all others similarly situated,                          :       Case No. 1:05-cv-00277-GMS
                                                        :
                                Plaintiff,              :       CLASS ACTION
                                                        :
        vs.                                             :
                                                        :
MBNA CORP., BRUCE L. HAMMONDS, and                      :
KENNETH . VECCHIONE,                                    :
                                                        :
                                Defendants.             :
                                                        :
—————————————————————x

**(Additional Captions Set Forth Below)**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ACTIVEST FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL
OF ITS SELECTION OF LEAD COUNSEL**

————————————————————x
             :

ROBERT WILKINS, Individually and on behalf  :
of all others similarly situated,          :   Case No. 1:05-cv-00287-GMS
             :

                Plaintiff,   :   <u>CLASS ACTION</u>
             :

      vs.              :

             :

MBNA CORP., BRUCE L. HAMMONDS,    :
KENNETH A. VECCHIONE, RICHARD K.   :
STRUTHERS, CHARLES C. KRULAK, JOHN  :
R. COCHRAN, III, MICHAEL G. RHODES,  :
LANCE L. WEAVER, and JOHN W.      :
SCHEFLEN,              :
             :

               Defendants.   :
             :

————————————————————x
             :

LEONARD BRONSTEIN, On behalf of himself  :
and all others similarly situated,         :   Case No. 1:05-cv-00289-GMS
             :

                Plaintiff,   :   <u>CLASS ACTION</u>
             :

      vs.              :

             :

MBNA CORP., BRUCE L. HAMMONDS,    :
KENNETH A. VECCHIONE, RICHARD K.   :
STRUTHERS, CHARLES C. KRULAK, JOHN  :
R. COCHRAN, III, MICHAEL G. RHODES,  :
LANCE L. WEAVER, and JOHN W.      :
SCHEFLEN,              :
             :

               Defendants.   :
             :

————————————————————x

```
                                                ─x
                                                 :
GREG PENN, On behalf of himself and all others   :
similarly situated,                              :     Case No. 1:05-cv-00293-GMS
                                                 :
                          Plaintiff,             :     CLASS ACTION
                                                 :
       vs.                                       :
                                                 :
MBNA CORP., BRUCE L. HAMMONDS,                    :
KENNETH A. VECCHIONE, RICHARD K.                 :
STRUTHERS, and  LANCE L. WEAVER,                 :
                                                 :
                          Defendants.            :
                                                 :
                                                ─x
                                                 :
CLIFFORD W. JONES, On behalf of himself and      :
all others similarly situated,                   :     Case No. 1:05-cv-00316-GMS
                                                 :
                          Plaintiff,             :     CLASS ACTION
                                                 :
       vs.                                       :
                                                 :
MBNA CORP., BRUCE L. HAMMONDS, and               :
KENNETH A. VECCHIONE,                            :
                                                 :
                          Defendants.            :
                                                 :
                                                ─x
                                                 :
MICHAEL D. BLUM, On behalf of himself and        :
all others similarly situated,                   :     Case No. 1:05-cv-00372-GMS
                                                 :
                          Plaintiff,             :     CLASS ACTION
                                                 :
       vs.                                       :
                                                 :
MBNA CORP., BRUCE L. HAMMONDS,                    :
KENNETH A. VECCHIONE, JOHN R.                     :
COCRAN, III, RICHARD K. STRUTHERS, and           :
LANCE L. WEAVER                                  :
                                                 :
                          Defendants.            :
                                                 :
                                                ─x
```

```
—————————————————————————x
                                          :
THOMAS J. CUSSEN, On behalf of himself and    :
all others similarly situated,                :    Case No. 1:05-cv-00389-GMS
                                          :
                              Plaintiff,  :    CLASS ACTION
                                          :
        vs.                               :
                                          :
MBNA CORP., BRUCE L. HAMMONDS,            :
KENNETH A. VECCHIONE, RICHARD K.         :
STRUTHERS, CHARLES C. KRULAK, JOHN       :
R. COCRAN, III, MICHAEL G. RHODES,        :
LANCE L. WEAVER and JOHN W. SCHEFLEN,  :
                                          :
                             Defendants.  :
                                          :
                                          :
                                          :
—————————————————————————x
```

## PRELIMINARY STATEMENT

Class member Activest Investmentgesellschaft mbH for account of the PT-Master fund

and Enerfonds ("Activest") respectfully submits this Memorandum of Law in support of its

motion for: (1) consolidation of the above-captioned actions; (2) its appointment as Lead

Plaintiff in the above-referenced actions pursuant to the Private Securities Litigation Reform Act

of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, and (3) approval of its selection of Milberg Weiss

Bershad & Schulman LLP ("Milberg Weiss") as Lead Counsel, pursuant to the PSLRA.

## INTRODUCTION

Presently pending in this District are eight related securities class action lawsuits (the

"Actions") on behalf of persons who purchased or otherwise acquired securities of MBNA,

Corp. ("MBNA" or the "Company") between October 16, 2003 to April 21, 2005, inclusive (the

"Class Period"). These Actions are brought pursuant to §§ 10(b) and 20(a) of the Securities

Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and

Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5. The lead plaintiff motion is

2

governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 15 U.S.C. § 78u-4 *et seq*. Defendants are MBNA and certain of MBNA's officers and directors. In addition to these actions, two substantially similar actions are pending in the Southern District of New York.[1]

## SUMMARY OF ARGUMENT

I.     **The Actions are Substantially Similar, Involve Nearly Identical Issues of Fact and Law and Should be Consolidated Pursuant to Fed. R. Civ. P. 42(a).**

The PSLRA requires that the Court rule on any consolidation motion prior to deciding the lead plaintiff/lead counsel issue. *See* 15 U.S.C. § 78u-4(a)(4)(B)(ii). The Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a), which allows consolidation of actions alleging common facts or claims, because they allege essentially the same thing (violations of the Exchange Act) against the same defendants arising from the same factual allegations. Consolidation pursuant to rule 42(a) is appropriate, would result in efficiency, and will prejudice no one.

II.    **Activest Has Demonstrated the Largest Financial Interest and Meets the Requirements of Fed. R. Civ. P. 23**

Pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant that has demonstrated the "largest financial interest in the litigation" that also meets the typicality and adequacy prongs of Fed. R. Civ. P. 23. *See* 15 U.S.C. 78u-4(a)(3)(B)(iii). As demonstrated herein, Activest, with a financial interest of *$690,012* has, to the best of its or its counsel's knowledge, the largest financial interest in this litigation of any plaintiff or lead plaintiff movant, is typical of the class it seeks to represent and will more than adequately protect the interest of class members. *See id*.

---

[1] These are: *Kimball v. MBNA Corp.*, No. 05-CV-4725-KMK (S.D.N.Y. filed May 16, 2005) and *McMath v. MBNA Corp.*, No. 05-CV-5168-KMK (S.D.N.Y. filed May 31, 2005). Activest has filed an identical lead plaintiff motion in those actions.

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See also In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001). As demonstrated herein, Activest meets the relevant requirements of Rule 23 because its claims are typical of the claims of the class it seeks to represent. In addition, Activest is a large institutional investor that is familiar with the PSLRA and fully understands its responsibilities to the Class. Accordingly, Activest will more than adequately protect the interests of the class.

## III.     Activest's Selection of Lead Counsel Should be Approved

Pursuant to the PSLRA, the Lead Plaintiff selects the Lead Counsel subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Activest has selected the law firm of Milberg Weiss to serve as Lead Counsel. Milberg Weiss has extensive experience successfully litigating securities class actions and possesses the resources necessary to vigorously pursue this litigation on behalf of the Class.

### SUMMARY OF FACTS[2]

During the Class Period defendants projected annual income growth of 10%. In the weeks following the projection, MBNA insiders sold more than one million shares of their personally-held MBNA stock, including 351,409 shares sold by defendant Bruce L. Hammond on January 27, 2005 for proceeds in excess of $9 million. On April 21, 2005, defendants created what one analyst described as "shock and awe" in the market place by announcing that first-quarter income was down 93% percent year-over-year, including a one-time restructuring charge, making it highly unlikely that the Company would be able to achieve 10% annual

---

[2] These facts are derived from the allegations in the complaint captioned *Phillips v. MBNA Corp., et al.*, No. 05-CV-277 (D. Del. filed May 9, 2005)(GMS).

income growth, and that, moreover, the reduced earnings included a $207 million write-down of MBNA's "interest-only strip receivable," which is a measure of anticipated credit-card interest payments that is supposed to be adjusted on an ongoing basis.  On this news, shares of MBNA fell to a two-year intraday low of $18.50 before closing at $19.28, down $3.83, or 16.6%, on a day most major bank stocks rose.

## ARGUMENT

## POINT I

## THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that where there is more than one action on behalf of a class asserting substantially the same claim or claims, a court shall not appoint a lead plaintiff until after the court decides the motion to consolidate. 15 U.S.C. § 78u-4(1)(3)(B)(ii). Consolidation is appropriate where there are actions involving common questions of law *or* fact.  Fed. R. Civ. P. 42 (a). *See A.F.I.K. Holding SPRL v. Fass,* 216 F.R.D. 567, 580 (D.N.J. 2003).  Each of the Actions asserts class claims on behalf of all persons and entities who purchased or otherwise acquired MBNA securities during overlapping class periods.  All of the Actions name the Company and certain of its officers and/or directors as defendants and involve the same factual and legal issues, namely, whether plaintiffs purchased and/or acquired MBNA securities at distorted price, and were damaged economically, as a result of defendants' alleged false and misleading statements concerning the Company's financial condition and whether defendants' conduct violates Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5. Consolidation is appropriate where, as here, the actions at issue involve common questions of law or fact and consolidation would promote efficiency in the litigation and management of a complex litigation. *See id.;  see also Fields v. Biomatrix, Inc.,* 198 F.R.D. 451, 454 (D.N.J. 2000). Although the class periods alleged in the Actions vary, these minor differences do not

5

outweigh the substantial overlap in the facts and claims alleged in the Actions.[3]  Therefore, the actions should be consolidated.

## POINT II.

## ACTIVEST SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i).  Here, the relevant notice was published in *Business Wire* on May 5, 2005.[4]  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member

---

[3]  Some of the Actions allege a class period of October 16, 2003 to April 21, 2005, while others allege a class period of January 20, 2005 to April 20, 2005.  The differences among class periods does not pose an obstacle to consolidation. *See, e.g., In re Century Bus. Servs. Sec. Litig.,* 202 F.R.D. 532, 537 (N.D. Ohio 2001) (consolidating suits involving class periods with no overlap in time); *Takeda v. Turbodyne Techs., Inc.,* 67  F. Supp. 2d 1129 (C.D. Cal. 1999) (consolidating suits despite differences in class period); *Lax v. First Merchs. Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) (same).

[4]     A copy of this notice is annexed as Exhibit A to the Declaration of Ralph Sianni ("Sianni Decl."). The *Business Wire* has been recognized as a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire services." *Greebel v. FTP Software, Inc.,* 939 F. Supp. 57, 62-64 (D. Mass. 1996); *see also Lax v. First Merchs. Acceptance Corp.,* 1997 U.S. Dist. LEXIS 11866, at *2.

or members of the class that the Court determines to be most capable of adequately representing

the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate

plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any
> private action arising under this Act is the person or group of persons that
>
>> (aa) has either filed the complaint or made a motion in
>> response to a notice. . .
>>
>>> (bb) in the determination of the court, has the
>>> largest financial interest in the relief sought by the
>>> class; and
>>>
>>> (cc) otherwise satisfies the requirements of Rule 23
>>> of the Federal Rules of Civil Procedure.

15 U.S.C. 78u-4(a)(3)(B)(iii). *See In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

As discussed below, Activest has complied with the procedural prerequisites of the PSLRA, has

demonstrated, to the best of its knowledge, the largest financial interest in the litigation

(*$519,524* ) and meets the relevant requirements of Fed. R. Civ. P. 23, and should be appointed

as the Lead Plaintiff.

> **B.    Activest Satisfies The "Lead Plaintiff" Requirements Of The Exchange Act
> And Should Be Appointed Lead Plaintiff**
>
> **1.    Activest Has Timely Moved for Appointment as Lead Plaintiff**

All class members who are interested in moving for the appointment of Lead Plaintiff in

this matter must do so by July 5, 2005. 15 U.S.C. § 78u-4(a)(3)(A) and (B). Pursuant to the

provisions of the PSLRA and within the requisite time frame after publication of the required

notice, (*i.e.*, within 60 days after the notice published on May 5, 2005), Activest hereby moves

this Court in a timely manner to be appointed Lead Plaintiff on behalf of all members of the

Class.

Activest has signed and filed a certification stating that it has reviewed the allegations of

a complaint and is willing to serve as a representative party on behalf of the Class, pursuant to 15

7

U.S.C. 78u-4(a)(2). *See* Sianni Decl. Exhibit B. Activest's selected Lead Counsel, Milberg Weiss, has successfully served as lead counsel in many of the most prominent securities class actions litigations over the past 40 years. *See* Sianni Decl. Exhibit D (Firm Resume of Milberg Weiss as proposed Lead Counsel). Accordingly, Activest has satisfied the procedural requirements of 15 U.S.C. § 78u-4(a)(3)(B).

> **2.      Activest Has The Requisite
> Financial Interest In The Relief Sought By The Class**

Pursuant to the PSLRA, identification of the most adequate plaintiff, "begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'" *In re Cendant Corp. Litig.* 264 F.3d at 262 *quoting* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). During the Class Period, as evidenced by the certification signed by Activest (*see* Sianni Decl. Exhibit B) and analysis of its transactions in MBNA securities (*see* Sianni Decl. Exhibit C), Activest has sustained total losses of ***$690,012***. Upon information and belief, Activest's financial interest in this matter is the largest of any competing lead plaintiff movant. Therefore, Activest is the movant with the "largest financial interest in the relief sought by the class" 15 U.S.C. 78u-4(a)(3)(B)(iii). *See Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000) (appointing movant with the largest financial interest as lead plaintiff.).

> **3.      Activest Otherwise Satisfies Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See also In re Cendant Corp. Litig.* 264 F.3d at 262. Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,

8

and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two — typicality and adequacy — directly address the personal characteristics of the lead plaintiff movants. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed. *See Fields* 198 F.R.D. at 455 ("[O]f the four prerequisites to class certification, the focus is only on the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements."); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill Aug. 6, 1997); *Fischler v. Amsouth Bancorporation*, No. 97-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Fields*, 198 F.R.D. at 456-57 ("The typicality requirement is construed liberally as long as there is no express conflict between the class representative and the class."); *In re Oxford Health Plans*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between its claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted).

Activest satisfies the typicality requirement of Rule 23 because, just like all other class members, it: (1) is a non-U.S. citizen or resident that transacted in MBNA securities on or

9

through a non-U.S. securities exchange, during the Class Period at distorted prices; and  (2)

suffered damages thereby.  Thus, Activest' claims are typical of those of other class members

since its claims and the claims of other class members arise out of the same course of events. *See*

*Bell v. Ascendant Solutions, Inc.*, No. 01-CV-166-P, 2002 U.S. Dist. LEXIS 6850, at *18

(N.D.Tex. Apr. 17, 2002) ("The Court is aware of no differences among the class members that

would substantially alter the proof required for one member's claims versus another's. Thus . . .

the claims of the [movants] are typical of those of the purported class members.").

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the

interests of the class."  Pursuant to the PSLRA, a movant is adequate if: (1) the movant's

selected lead counsel is qualified, experienced, and generally able to conduct the proposed

litigation; and (2) the movant does not have interests antagonistic to those of the class. *Fields*

198 F.R.D. at 457, *citing Wetzel v. Liberty Mut. Ins. Co.,* 508 F.2d 239, 247 (3d Cir. 1975).

Activest will more than adequately represent the interests of the Class.  First, there is no

conflict between the interests of Activest and those of the other members of the Class. Finally, as

demonstrated below, Activest's proposed Lead Counsel, Milberg Weiss, is highly qualified,

experienced and able to conduct this complex litigation in a professional manner.  Thus, Activest

*prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this

motion and should be appointed as Lead Plaintiff.

> **a.**     **Appointing Activest Satisfies**
>          **Congress' Intent in Passing the PSLRA**

The appointment of Activest as Lead plaintiff will fulfill one of Congress's overarching

goal in passing the PSLRA: the participation of a sophisticated institutional investors as a Lead

Plaintiff in securities class actions. As the Third Circuit has held:

> Both the Conference Committee Report and the Senate Report state that *the*
> *purpose of the legislation was to encourage institutional investors to serve as*

> ***Lead Plaintiff***, predicting that their involvement would significantly benefit
> absent class members.

*In re Cendant Corp. Litig.*, 264 F.3d at 276, *citing* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No.

104-98, at 11 (1995) (emphasis added). Activest is an institutional investor with billions under

management. Activest is committed to the promotion of good corporate governance and the

protection of investors from fraud, and has the resources necessary to pursue this litigation

aggressively. Accordingly, the Court can rest assured that if appointed Lead Plaintiff, Activest

will provide absent class members with the best available representation.

## POINT III

## ACTIVEST'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

Pursuant to15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court

approval, select and retain counsel to represent the class he seeks to represent. In that regard,

Activest, as the presumptively most adequate plaintiff, has selected Milberg Weiss to serve as

Lead Counsel, subject to this Court's approval.  Milberg Weiss possesses extensive experience

litigating securities class actions and have successfully prosecuted numerous securities fraud

class actions on behalf of injured investors. *See* Sianni Decl. Exhibit D.As is demonstrated in its

firm resume, Milberg Weiss has been appointed as lead or co-lead counsel in landmark,

precedent-setting class actions. *See id.*  Accordingly, Activest's selection of Lead Counsel should

be approved.

## CONCLUSION

For the foregoing reasons, Activest satisfies the requirements of Rule 23 and all of the

PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed

Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).  Activest respectfully requests that this

Court: (1) consolidate the Actions pursuant to Fed. R. Civ. P. 42(a); (2) appoint is as Lead

Plaintiff pursuant to § 21D(a)(3)(B); and (3) approve its selection of Milberg Weiss as Lead

Counsel.

DATED:  July 5, 2005

Respectfully submitted,

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

By /s/ Ralph N. Sianni
  Seth D. Rigrodsky, Esq. (#3147)
  Ralph N. Sianni, Esq. (#4151)
919 N. Market Street, Suite 411
Wilmington, Delaware  19801
(302) 984-0597

--and--

**MILBERG WEISS BERSHAD
 & SCHULMAN LLP**
Steven G. Schulman
Peter E. Seidman
Deborah M. Sturman
Andrei V. Rado
One Pennsylvania Plaza - 49th Floor
New York, NY  10119
(212) 594-5300
Fax: (212) 868-1229

***Proposed Lead Counsel***

12

# EXHIBITS

| EXHIBIT | CASES |
|---------|-------|
| A | *Bell v. Ascendant Solutions, Inc.*,<br>No. 01-CV-166-P,<br>2002 U.S. Dist. LEXIS 6850 (N.D.Tex. Apr. 17, 2002) |
| B | *Fischler v. Amsouth Bancorporation*,<br>No. 97-1567-CIV-T-17A,<br>1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997) |
| C | *Lax v. First Merchs. Acceptance Corp.*,<br>No. 97 C 2715,<br>1997 U.S. Dist. LEXIS 11866 (N.D. Ill Aug. 6, 1997) |