IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE MBNA CORP.<br><br>SECURITIES LITIGATION | ) Civ. Action No.: 05-CV-00272-GMS<br>) <br>) CONSOLIDATED<br>) <br>) |

## JOINT RULE 26(f) STATUS REPORT

On June 18 and 19, 2007, the parties, through their counsel, conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. They hereby submit this Joint Status Report in preparation for the Scheduling Conference before this Court set for June 22, 2007 at 9:00 a.m., pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.2

1.  **Jurisdiction and Service :** The parties agree that the Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1331 and Section 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78 aa. The Court has jurisdiction over all the parties and no parties remain to be served.

2.  **Substance of the Action:** Plaintiffs filed this action on behalf of all persons, other than defendants and certain other related parties, who purchased or otherwise acquired MBNA stock between January 20, 2005 and April 20, 2005. Plaintiffs allege that defendants – MBNA and certain of its officers – misrepresented MBNA's financial condition, earnings and future prospects during the Class Period in violation of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5. Defendants deny that they violated the federal securities laws and have moved to dismiss the Amended Complaint in

1

its entirety pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. Defendants argue, among other things, that the Amended Complaint does not contain sufficiently particularized allegations to give rise to a strong inference of scienter, as required by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). That motion is fully briefed.

3.  **Identification of Issues:** Factual and legal issues include: (a) whether MBNA's public statements during the Class Period omitted and/or misrepresented material facts and whether defendants breached any duty to convey material facts or to correct material facts previously disseminated; (b) whether each of the defendants participated in the alleged fraudulent scheme; (c) whether each of the defendants engaged in conscious misbehavior or acted recklessly in omitting and/or misrepresenting facts; (d) whether the market prices of MBNA's securities during the Class Period were artificially inflated due to the alleged nondisclosures and/or misrepresentations; (e) whether any of the alleged misstatements are protected by the PSLRA safe harbor and the bespeaks caution doctrine; (f) whether each of the individual defendants was a "controlling person" within the meaning of Section 20(a) of the Exchange Act; and (g) whether the members of the putative class sustained damages as a result of the alleged conduct and, if so, what is the appropriate measure of damages.

4.  **Narrowing of Issues:** At this stage of the litigation, the parties have not reached an agreement on ways to narrow the issues before the Court. The parties may be able to narrow the issues in the litigation by agreement once the Court rules upon defendants' motion to dismiss the Amended Complaint. The parties will work in good faith to achieve that result.

5.  **Relief:** Plaintiffs seek to have this action certified as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. Plaintiffs seek to recover on behalf of the Class damages, pre- and post-judgment interest and attorneys' fees and costs. Plaintiffs also seek equitable and/or injunctive relief, including an accounting and imposition of a constructive fraud and/or asset freeze in connection with all amounts by which any individual defendants was unjustly enriched on their sales of MBNA stock during the Class Period.

6.  **Amendment of Pleadings:** Plaintiffs will amend the Amended Complaint, if necessary or appropriate, within 60 days after the Court rules upon defendants' motion to dismiss. Given that plaintiffs have already amended their complaint once, defendants oppose any further amendments

7.  **Joinder of Parties:** Plaintiffs will join any additional parties within 60 days after defendants file their answer. Defendants do not anticipate the need to join any additional parties.

8.  **Discovery:** Discovery is currently stayed in this action pursuant to the PSLRA. 15 U.S.C. § 78u-4(b) Should defendants' motion to dismiss be denied in whole or in part, the parties will meet and confer regarding an appropriate schedule for discovery. To ensure that discovery is not unnecessarily costly and time-consuming, defendants submit that any discovery in this action should be coordinated with discovery in Civil Action Numbers 05-429 (GMS) and 05-327 (GMS), two other actions pending before this Court based on the same underlying factual allegations.

9.  **Estimated Trial Length:** The parties estimate a two-week trial at this time.

10.    **Jury Trial:**  Plaintiffs' Amended Complaint demands trial by jury on all issues so triable.

11.    **Settlement:**  The parties have not engaged in any settlement discussions. Plaintiffs are always willing to engage in settlement discussions at any time to resolve legal disputes. The parties also are amenable to exploring settlement under the supervision of Magistrate Judge Thynge or an outside mediator to be agreed upon by the parties.

12.    **Other Matters:**  The parties have not identified any additional matters to bring to the Court's attention at this time.

13.    **Statement of Conference:**  Counsel for the parties have met and conferred by telephone about each of the above matters.

        **Attorneys for Lead Plaintiff**

        **RIGRODSKY & LONG, P.A.**

By:  /s/ Brian D. Long
Seth D. Rigrodsky (Bar No. 3147)
Brian D. Long (Bar No. 4347)
919 N. Market Street, Suite 980
Wilmington, Delaware 19801
Tel. (302) 295-5310
Fax: (302) 654-7530


LIAISON COUNSEL

Stuart J. Guber
MOTLEY RICE LLC
600 West Peachtree Street, Suite 800
Atlanta, Georgia 30308
Tel.: (404) 201-6900
Fax: (404) 201-6959
Email: sguber@motleyrice.com

LEAD COUNSEL FOR PLAINTIFFS

4

YOUNG, CONWAY, STARGATT &
TAYLOR, LLP

By: /s/ Richard H. Morse    w/ PERMISSION BY BRIAN D. LONG (#4347)
Richard H. Morse (No. 531)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19807
(302) 571-6000

Richard J. Urowsky
Richard C. Pepperman, II.
Ryan C. Williams
M. David Possick
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

ATTORNEYS FOR DEFENDANTS