IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE MBNA CORP.<br>SECURITIES LITIGATION | Case No. 05-00272-GMS<br>CONSOLIDATED |

**DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION
OF THE COURT'S JULY 6, 2007 OPINION AND ORDER**

1. Pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.1.5, defendants hereby move for partial reconsideration of this Court's July 6, 2007 Memorandum and Order (D.I. 60) granting in part and denying in part defendants' Motion to Dismiss (D.I. 40).

2. Recognizing that such motions are granted sparingly, defendants seek reconsideration of only one aspect of the Court's ruling. In denying in part defendants' Motion to Dismiss, the Court held that the two statements that defendants argued were forward-looking "are excluded from the protection of the [PSLRA's] safe harbor provisions as a matter of law" because the statements "were made in the Company's Form 8-K filed with the SEC." (Mem. at 9.) Defendants respectfully submit that this ruling constitutes a clear error of law. Because plaintiffs did not raise this argument in opposing defendants' Motion to Dismiss, defendants did not have an opportunity to brief this question of law.

3. In support of its ruling that statements made in Form 8-Ks filed with the SEC are excluded from the PSLRA safe harbors, the Court cited three authorities: (1) 15 U.S.C. § 78u-5(b)(2)(A); (2) *In re Veeco Instruments, Inc. Sec. Litig.*, 235 F.R.D. 220, 236 (S.D.N.Y. 2006); and (3) *In re Midway Games, Inc. Sec. Litig.*, 332 F. Supp. 2d 1152, 1171 (N.D. Ill. 2004). None of these authorities provides that all statements made in Form 8-Ks filed with the SEC are excluded from the PSLRA safe harbors as a matter of law.

4.      To encourage public companies to make projections and estimates without fear of litigation, the PSLRA created two statutory safe harbors for forward-looking statements. The statute, however, expressly excludes specific statements from the safe harbor provisions. *See* 15 U.S.C. § 78u-5(b) (listing "exclusions"). Forward-looking statements made on Form 8-Ks are not among the excluded statements. Nor, more generally, are statements categorically excluded from the PSLRA safe harbors simply because the statements were made in filings with the SEC.

5.      The statutory provision cited by the Court, 15 U.S.C. § 78u-5(b)(2)(A), excludes a narrow category of forward-looking statements: namely, statements "included in a financial statement prepared in accordance with generally accepted accounting principles." The statements at issue here concerning MBNA's expected restructuring charge and its objective for increasing earnings per share in 2005 were not included in a "financial statement," a term that "has a strict, established meaning." *In re Joelson*, 427 F.3d 700, 709 (10th Cir. 2005) (citing *Black's Law Dictionary*). *Black's Law Dictionary* defines "financial statement" as "[a] balance sheet, income statement, or annual report that summarizes an individual's or organization's financial condition on a specified date or for a specified period by reporting assets and liabilities." *Black's Law Dictionary* 645 (7th ed. 1999). The statements in this case were made in a press release and during an analyst conference call and were included in Form 8-Ks filed with the SEC to make the statements broadly available to the marketplace; the statements were not included in a "financial statement" prepared in accordance with GAAP. As a review of the Form 8-Ks themselves makes clear (D.I. 43 (Exs. B & D)), the statements were not included in a balance sheet, income statement, or report summarizing MBNA's financial condition on a specified date or for a specified period.

6.      The *Midway* case cited by the Court is not on point. Plaintiffs there alleged that "each of Midway's *financial statements* in periodic reports filed with the SEC on Forms 10-Q and 10-K during the class period materially misstated Midway's operating results by failing to write-down CPDC's [capitalized product development costs] for game titles defendants knew were not viable." 332 F. Supp. 2d at 1170 (emphasis added). Citing 15 U.S.C. § 78u-5(b)(2)(A), the court held that "Midway's *financial reports* were included in SEC filings prepared in accordance with GAAP and thus excluded from the safe harbor." *Id.* at 1171 (emphasis added). This decision does not hold that all statements included in Form 8-Ks filed with the SEC, which were not even at issue in the case, are excluded from the PSLRA safe harbors as a matter of law.

7.      The *Veeco* case is also distinguishable. "Veeco issued restatements of its previously reported financial statements for each of the first three quarters of 2004." 235 F.R.D. at 225. Plaintiffs alleged that these previously reported financial statements fraudulently overstated the company's earnings during those three quarters. *Id.* at 226. The court held that defendants' 2003 statements regarding an acquisition and Veeco's 2003 Form 10-K were protected by the PSLRA safe harbor provisions. *Id.* at 235-36. The remainder of defendants' statements, however, were found not to be protected because they were not forward-looking. *Id.* at 236. The court added that "because several of defendants' challenged statements were contained in Veeco's 10-Qs and other SEC filings, they fall outside the scope of the safe harbor provision." *Id.* Although the court did not identify the "several" statements to which it was referring in that sentence, given its ruling that statements in Veeco's 2003 Form 10-K are protected, the court did not rule that *all* statements included in SEC filings are excluded from the safe harbors. More to the point, *Veeco* does not hold that forward-looking statements are excluded from the PSLRA safe harbors whenever those statements are included in Form 8-Ks

filed with the SEC. Nor does *Veeco* provide any support for the proposition that the statements at issue here were included in "financial statements" prepared in accordance with GAAP.

8.  In fact, courts routinely hold that forward-looking statements included in Form 8-Ks qualify for protection under the PSLRA safe harbors. *See, e.g., In re IAC/Interactivecorp Sec. Litig.*, 478 F. Supp. 2d 574, 586-87 (S.D.N.Y. 2007) (holding that "cautionary language used in connection with . . . earnings guidance" contained in Form 8-K filing "renders it inactionable" under PSLRA); *Charatz v. Avaya, Inc.*, No. 05-2319, 2006 WL 2806229, at *18 (D.N.J. Sept. 28, 2006) (holding that various statements, including statements in Form 8-Ks, "constitute forward-looking statements protected by the PSLRA's safe harbor provision"); *In re Laboratory Corp. of Am. Holdings, Inc. Sec. Litig.*, No. 1:03CV591, 2006 WL 1367428, at *4-6 (M.D.N.C. May 18, 2006) (because defendants' "Form 8-K, and all subsequent challenged press releases" were "accompanied by meaningful cautionary language," they were "protected by PSLRA's safe harbor"); *In re Tibco Software, Inc. Sec. Litig.*, No. C 05-2146 SBA, 2006 WL 1469654, at *26-27 (N.D. Cal. May 25, 2006) (holding that allegedly false forward-looking statements in Form 8-Ks were "immune from liability under the safe harbor provision of the PSLRA"); *Barr v. Matria Healthcare, Inc.*, 324 F. Supp. 2d 1369, 1382 (N.D. Ga. 2004) (holding that forward-looking statements in press releases and "Form 8-K filed with the SEC" were "accompanied by sufficient cautionary language" and that defendants thus were "insulated from liability for such statements pursuant to the safe harbor provisions of" the PSLRA); *In re Keyspan Corp. Sec. Litig.*, No. 01 CV 5852(ARR), 2003 WL 21981806, at *18 (E.D.N.Y. July 30, 2003) ("The court agrees with defendants that the particular language identified from the March 2000 press release and Form 8-K is forward-looking" and therefore "fall[s] within the safe harbor" provision of the PSLRA). The Court's ruling here conflicts with those decisions.

9.  The Court rejected defendants' argument that the challenged statements are protected by the PSLRA safe harbors on the ground that statements made in Form 8-Ks filed with the SEC "are excluded from the protection of the safe harbor provisions as a matter of law." (Mem. at 9.) Defendants respectfully request that the Court grant this motion for limited reconsideration to correct that clear error of law. Once that legal error is corrected, the two statements at issue clearly fall within the PSLRA's safe harbors and therefore cannot be a basis for liability in this case. (*See* Defendants' Opening Brief in Support of Their Motion to Dismiss at 28-32 (D.I. 41); Defendants' Reply Brief in Support of Their Motion to Dismiss at 2-5 (D.I. 47).)

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Richard H. Morse
Richard H. Morse (No. 531)
rmorse@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

*Attorneys for Defendants*

*Of Counsel*:

Richard J. Urowsky
Richard C. Pepperman, II
Stacey R. Friedman
Ryan C. Williams
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

July 16, 2007