# EXHIBIT "A"

## DEFINITIONS

1.    "MBNA" or the "Company," means defendant MBNA Corp. and its predecessors, successors, parents, subsidiaries, segments, divisions, affiliates, related entities, any entity controlled by MBNA, or any of them, and their respective present or former officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

2.    "You" and "Your" means PriceWaterhouseCoopers LLP ("PWC"), 300 Madison Avenue, New York, NY 10017, and any of its parents, subsidiaries, divisions, subdivisions, branches, segments, affiliates, predecessors, successors, assigns, officers, employees, directors, board of directors (or committee thereof), principals, members, partners, representatives, agents, including attorneys, accountants, investment advisors, bankers, consultants and any other person acting or purporting to act on any such person's or entity's behalf and all other entities operated or controlled by PWC or by any direct or indirect subsidiary or affiliate thereof.

3.    Bank of America means Bank of America Corporation, Bank of America Corporate Center, 100 North Tryon Street, Charlotte, NC 28255, and any of its parents, subsidiaries, divisions, subdivisions, branches, segments, affiliates, predecessors, successors, assigns, officers, employees, directors, board of directors (or committee thereof), principals, members, partners, representatives, agents, including attorneys, accountants, investment advisors, bankers, consultants and any other person acting or purporting to act on any such person's or entity's behalf and all other entities operated or controlled by PWC or by any direct or indirect subsidiary or affiliate thereof.

4.    "Defendants" means MBNA (as defined in Definition No. 1 above), Bruce L. Hammonds, Kenneth A. Vecchione, Richard K. Struthers, Charles C. Krulak, and John R.

1

Cochran, III, and their respective agents, attorneys, accountants, employees or other persons occupying similar positions or performing similar functions.

5. "Individual Defendants" means Bruce L. Hammonds, Kenneth A. Vecchione, Richard K. Struthers, Charles C. Krulak, and John R. Cochran, III, and their respective agents, attorneys, accountants, employees or other persons occupying similar positions or performing similar functions.

6. "SEC" refers to the Securities and Exchange Commission of the United States and any person, employee, agent or representative acting on its behalf.

7. "Complaint" refers to the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws, dated December 12, 2005, filed in this action.

8. "Communication" means any transmittal of information (in the form of facts, ideas, inquiries, or otherwise), and a document request for "communications" includes correspondence, telexes, facsimile transmissions, telecopies, electronic mail, all attachments and enclosures thereto, recordings in any medium of oral communications, telephone logs, message logs, and notes and memoranda concerning written or oral communications, and any translations thereof.

9. "Document" or "Documents" is synonymous with and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) and to the terms "[w]ritings and recordings," "photographs," "original," and "duplicate" defined in Fed. R. Evid. 1001, including, but not limited to, electronic documents and data, preliminary versions, drafts, or revisions, as well as, but not limited to, audit workpapers, electronic deskfiles, paper deskfiles, agreements, complaints, conversations, correspondence, demands, discussions, inquiries, meetings, negotiations, notices, requests,

responses, understandings, notes, logs, memoranda, invoices, order forms, calendars, and/or press, publicity or trade releases.

10. "Representative" refers to any present or former director, officer, partner, agent, counsel, employee or other person acting or purporting to act on behalf of a corporation, professional corporation, firm, partnership, sole proprietorship, association, business entity or other person.

11. "Person" includes any natural person, firm, association, organization, partnership, limited partnership, sole proprietorship, trust, corporation, or legal or governmental entity, association or body.

12. When referring to a person, "to identify" means to give, if possible, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

13. "Concerning" means concerning, relating to, referring to, reflecting, describing, evidencing or constituting.

14. "Financial Statements" includes, but is not limited to, balance sheets, statements of income, earnings, retained earnings, sources and applications of funds, statements of cash flows, notes to each of such statements and any other statements which pertain to the past or present financial condition of MBNA, whether audited or unaudited, whether final, interim or *pro forma*, complete or partial, consolidated, yearly, monthly or otherwise.

15. "Policies" means any rule, procedure, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was recognized or followed, explicitly or implicitly.

16. "Regulatory Agency" means and federal or state agency or entity with supervisory responsibility of MBNA or any of its subsidiaries.

17. The terms "and" and "or" shall be construed either disjunctively or conjunctively (*i.e.*, as "and/or") as necessary to bring within the scope of the subpoena all documents that might otherwise be construed to be outside of its scope.

18. "Refer" or "relate" or "referring" or "relating" or "concerning" are each defined as all documents which explicitly or implicitly, in whole or in part, were received in conjunction with, or were generated as a result of, the subject matter of the request, including, without limitation, all documents that reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on , comment on, impinge upon, or impact the subject matter of the request.

19. "Meeting" refers to the contemporaneous presence of any natural persons, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal, occurred in connection with some other activity, or was in person, by telephone or teleconferencing.

20. "Data" is defined as broadly as possible, and includes any and all information in any form including, without limitation, electronic, verbal, numeric and graphic information.

21. "Computer" includes, without limitation, any file servers, application servers, e-mail servers, desktop computers, laptop computers, notebook computers, tablet computers, personal digital assistants (PDAs) or other handheld computing device, digital cell telephones,

pagers and any other device, whether or not connected to any Network. With respect to the Individual Defendants, this definition expressly includes all Computers used by the Individual Defendants, including, without limitation, home and personal Computers.

22. "Hard Drive" means the hardware used by a Computer to store Data. With respect to the Individual Defendants, this definition expressly includes all Hard Drives used by the Individual Defendants, including, without limitation, home and personal Hard Drives.

23. "Network" means any group of connected Computers, including, but not limited to, file servers and network servers, that allows people to share Data and equipment (e.g., client-servers, local area network [LAN] or wide are network [WAN]). With respect to the Individual Defendants, this definition expressly includes all Networks used by the Individual Defendants, including, without limitation, home and personal Networks.

24. "Storage Device" includes any hardware or device used by a Computer to store Data. With respect to the Individual Defendants, this definition expressly includes all Storage Devices used by the Individual Defendants, including, without limitation, home and personal Storage Devices.

25. In connection with a Computer, Hard Drive or Storage Device, the term "identify" means to provide (a) the manufacturer of the Computer, Hard Drive or Storage Device; (b) the model of the Computer, Hard Drive or Storage Device; (c) the serial number of the Computer, Hard Drive or Storage Device; (d) the operating system used by such Computer, Hard Drive or Storage Device; (e) the current location and custodian of the Computer, Hard Drive or Storage Device; and (f) any other available information with respect to each such Computer, Hard Drive or Storage Device.

26. In connection with an application of software, the term "identify" means to provide (a) the manufacturer of the application; (b) the name and title of the application; (c) with respect to custom or customized software applications, the author(s) of the software applications, including last-known contact information; (d) each Computer, Hard Drive or Storage Device on which the application was installed and its current location and custodian; and (e) any other available information with respect to each such application.

27. "Voice Messaging System" includes any device used to record and/or store telephonic messages. With respect to the Individual Defendants, this definition expressly includes all Voice Messaging Systems used by the Individual Defendants, including, without limitation, home and personal Voice Messaging Systems.

28. The use of the singular includes the plural and vice versa.

29. The terms "all" and "each" shall be construed as all and each.

30. "Class Period" is defined as the period from and including January 20, 2005 through April 20, 2005, inclusive.

## INSTRUCTIONS

1. In responding to this Subpoena, You shall produce all documents in Your possession, custody, or control, or in the possession, custody or control of Your predecessors, successors, corporate parents, subsidiaries, divisions or affiliates, or their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions acting on Your behalf.

2. Your responses shall specify from which Representative the Documents came and which Defendant, if any, had possession of the Documents produced.

3. Pursuant to Rule 34(b), all Documents shall be produced in the manner that they are kept in the ordinary course of business, and shall be produced in their original folders,

binders, covers or containers, or facsimiles thereof. Documents attached to each other should not be separated. Hardcopy documents shall be produced as searchable .pdf images on CD ROMs. Electronic information (including all text documents, e-mail and spreadsheets) shall be converted to and produced on CD ROMs as searchable .pdf images and simultaneously produced in its native format (e.g., MSWord, WordPerfect, MS Excel, etc.), with all metadata included.

    4.    You shall produce the original of each Document described below, or if the original is not in your custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

    5.    If any Document is withheld on the ground of privilege or immunity, as to each such withheld Document state the following information:

    (a)    the nature of the privilege or immunity claimed;
    (b)    the facts upon which said claim of privilege or immunity is based;
    (c)    the following information describing each purportedly privileged or immune Document:
        (i)    the type of Document;
        (ii)    the date it was prepared;
        (iii)    the date it bears;
        (iv)    the date it was sent;
        (v)    the date it was received;
        (vi)    the identity of the person preparing it;
        (vii)    the identity of the person sending it;
        (viii)    the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;
        (ix)    a statement as to whom each identified person represented or purported to represent at all relevant times; and
        (x)    the general subject matter of the Document; and

    (d)    A precise description of the place where each copy of that Document is kept, including the title or description of the file in which said Document may be found and the location of such file.

6.  Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced in full and describe those portions of the Document which are not being produced.

7.  If a Document responsive to this subpoena was at any time in Your possession, custody or control but is no longer available for production, as to each such document state the following information:

    (a) whether the Document is missing or lost;
    (b) whether it has been destroyed;
    (c) whether the Document has been transferred or delivered to another person and, if so, at whose request;
    (d) whether the Document has been otherwise disposed of; and
    (e) the circumstances surrounding the disposition of the Document and the date of its disposition.

8.  If in responding to this subpoena, You claim any ambiguity in interpreting a definition or instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to produce responsive documents, but there shall be set forth as part of Your response the language deemed to be ambiguous and the interpretation chosen or used in responding to this subpoena.

9.  Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each Document's custodian(s).

10. Documents not otherwise responsive to this subpoena shall be produced if such Documents mention, discuss, refer to, or explain the Documents which are called for by this subpoena, or if such Documents are attached to Documents called for by this subpoena and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

11. If any Documents subpoenaed herein have been lost, discarded, destroyed, or are otherwise no longer in Your possession, custody or control, they shall be identified as completely as possible including, without limitation, the following information: date of disposal; manner of disposal; reason for disposal; person authorizing the disposal; and person disposing of the document.

## RELEVANT TIME PERIOD

Unless otherwise indicated, this Subpoena seeks Documents created, used during, or concerning the time period from January 1, 2004 through September 30, 2005, *including all Documents concerning, in whole or in part, such period, or events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period.* If a different time period is indicated in a particular Document subpoenaed, that time period shall similarly include all Documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## DOCUMENTS REQUESTED

1. All Documents relating to any valuation of MBNA prepared by You or any other advisor, consultant, banker, accountant or auditor.

2. All Documents relating to any of Your presentations made to or Your briefing materials provided to the Board of Directors of Bank of America or to any other officers and/or senior management of Bank of America regarding MBNA; or any presentations made to or briefing materials provided to the Board of Directors of Bank of America or to any other officers and/or senior management of Bank of America regarding MBNA made by any other advisor, consultant, banker, accountant or auditor.

3. All Documents relating to any of Your presentations made to or Your briefing materials provided to the Board of Directors of Bank of America or to any other officers and/or senior management of Bank of America regarding MBNA's interest-only strip receivables; or any presentations made to or briefing materials provided to the Board of Directors of Bank of America or to any other officers and/or senior management of Bank of America regarding MBNA's interest-only strip receivables made by any other advisor, consultant, banker, accountant or auditor.

4. All Documents relating to any due diligence performed by You or any other advisor, consultant, banker, accountant or auditor concerning MBNA's risk policies and/or procedures concerning its interest-only strip receivables.

5. All Documents concerning any valuation of MBNA's interest-only strip receivables performed by You or any other advisor, consultant, banker, accountant or auditor.

6. All Documents relating to any due diligence performed by You or any other advisor, consultant, banker, accountant or auditor regarding the procedures, methodology and models MBNA used to value its interest-only strip receivables including, but not limited to, assumptions about such factors as loan prepayment rates, discount rates, gross credit losses, and loan prepayment rates.

7. All Communications between You and MBNA's Board of Directors, any Committees, Subcommittees, members or agents thereof, or any auditor, consultant, investment advisor, accountant or banker hired or retained by MBNA.

8. All Documents related to due diligence performed by You or any other advisor, consultant, banker, accountant or auditor regarding any occurrences of fraud at MBNA.

9. All Documents related to any review and/or analysis performed by You or any other advisor, consultant, banker, accountant or auditor concerning Bank of America's acquisition of MBNA.