IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE MBNA CORP. SECURITIES LITIGATION | ) ) ) ) ) | Master Docket No. 05-272 (GMS) |

## NOTICE OF RULE 30(b)(6) DEPOSITION OF LEAD PLAINTIFF ACTIVEST INVESTMENTGESSELSCHAFT, AG

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, defendants will take the deposition upon oral examination of Lead Plaintiff, Activest Investmentgesselschaft, AG ("Activest") at 10:30 a.m. on February 29, 2008, at the offices of Young, Conaway, Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 regarding the Areas of Inquiry Set forth in the attached Exhibit A. The deposition will be taken before an individual authorized by law to administer oaths and will be recorded by stenographic means and/or by videotape. You are invited to attend and cross-examine.

Dated: February 14, 2008

Of Counsel:

Richard J. Urowsky
Richard C. Pepperman, II
Stacey R. Friedman
Ryan C. Williams
M. David Possick
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ Richard H. Morse
Richard H. Morse (No. 531)
Jeffrey T. Castellano (No. 4837)
rmorse@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

*Attorneys for Defendants*

# EXHIBIT A

## I. DEFINITIONS

Unless otherwise stated, the terms set forth below are defined as follows:

1. "Activest Investmentgesellschaft" means Activest Investmentgesellschaft, mbH and any of its predecessors, successors, officers, directors, employees, partners, corporate parents, subsidiaries or affiliates, including, without limitation, Société Générale Securities Services Kapitalanlagegesellschaft mbH, as well as any mutual funds, investment funds, accounts or other investment vehicles controlled or managed by Activest Investmentgesellschaft, mbH or any of its predecessors, successors, partners, corporate parents, subsidiaries or affiliates, including, without limitation, the "PT-Master Fund" and "ENERFONDS."

2. "Complaint" means the Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws dated December 12, 2005.

3. The term "concerning" means directly or indirectly mentioning, constituting, discussing or describing, evidencing, relating to, pertaining to or being connected with a stated subject matter or any aspect thereof.

4. The term "communication" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange, of information, whether orally, by document, face-to-face, by telephone, mail, email or other electronic means, personal delivery or otherwise.

5. The term "controlled account" means any account for which you had authority to make decisions that contained securities, including, without limitation, investment accounts, mutual fund accounts, 401(k) accounts, IRAs, other retirement accounts, and the accounts of family members and other individuals or entities.

6. "Defendants" refers collectively to MBNA, Bruce Hammonds, Kenneth Vecchione, Richard Struthers, John Cochran and Charles Krulak.

7. The term "document" has the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any recording in any tangible form of any information, whether handwritten, typed, printed, stored on computer disks, tapes or databases (including electronic files and email), or otherwise reproduced. "Document" also includes all drafts and copies that are not identical to the original.

8. "Employee" or "employees" means any person who at any time during the relevant time period acted or purported to act on behalf of any entity, or another person or persons, including all present and former officers, directors, executives, partners, principals, managers, staff personnel, accountants, agents, representatives, attorneys, independent contractors, advisors and consultants of such entity.

9. "Family member" includes, without limitation, any spouse, domestic partner, parent, in-law, step-parent, child, step-child, or grandchild.

10. The term "Former MBNA Employee" means: (a) any person previously employed by MBNA in any capacity at any point in time; and (b) the former MBNA employees described or referred to in the Complaint, including, without limitation, those referred to in the initial paragraph and paragraphs 46, 47, 49-57, and 95-97.

11. "MBNA" refers to defendant MBNA Corporation, as well as MBNA America Bank, N.A., and all of their parents, subsidiaries, or affiliates, including all officers, directors, employees, agents, representatives, contractors or consultants of those entities.

12. "Plaintiff" or "plaintiffs" means each plaintiff, lead plaintiff, or proposed or actual class representative, including Activest Investmentgesellschaft, James M. Baker, Rochelle Phillips, Robert Wilkins, Leonard Bronstein, Greg Penn, Clifford W. Jones, Michael D. Blum, Scott Kimball and Virginia McMath, as well as any employee, agent, trustee, custodian, attorney, accountant, representative, owner, director, officer, parent, subsidiary, affiliate, predecessor, successor, or other person or entity purporting to act on their behalf as well as any class member to the extent that any of those persons have knowledge of or participated in any of the matters alleged in the Complaint.

13. "Security" or "securities" means stocks, bonds, options, derivatives or other financial instruments including financial futures.

14. The term "transaction" and any other derivations of "transact" refer to any decision to purchase, sell, hold, leverage, put, hedge, loan, pledge, use in connection with a derivative agreement, or short sell a security (whether the transaction was consummated or not) by you, on your behalf, or at your direction, including those decisions relating to any controlled account.

15. "You" or "your" means Activest Investmentgesellschaft, as defined above.

## II. RELEVANT TIME PERIOD

All areas of inquiry herein refer to the period from June 1, 2004 to the date of this subpoena (the "relevant period"), unless otherwise specifically indicated, and shall include all documents and information that relate to such period, even though prepared or published outside of the relevant period.

## III. SUBJECTS FOR ORAL DEPOSITION

1. The allegations of the Complaint, including, without limitation, (a) any source of the allegations in the Complaint; (b) all information known to you tending to support, refute, or otherwise relate to any allegation in the Complaint; and (c) your involvement in preparing or reviewing the Complaint.

2.  All actual, proposed or contemplated transactions in any MBNA security by you or on your behalf during the relevant period.

3.  The guidelines, policies, procedures, practices, rules, goals or criteria relating to investments or investment decisions made by you or on your behalf during the relevant period including, without limitation, your investment objectives, permissible investments by you or on your behalf, risk analysis or risk evaluation with respect to securities transactions by you or on your behalf, your risk tolerance with respect to the purchase, holding or sale of securities, the management or supervision of any account by any trustees, managers, owners, directors and/or other persons charged with such responsibility and internal and external analysis used or relied upon by you for the purpose of acquiring securities and the evaluation of their subsequent performance.

4.  Your role as Lead Plaintiff in this litigation, including, without limitation, (a) your reasons for bringing suit and for seeking Lead Plaintiff status, (b) the circumstances surrounding your selection of plaintiffs' counsel, (c) your involvement in the litigation to date and (d) the steps you have taken to fulfill your responsibilities as Lead Plaintiff and as a putative class representative.

5.  Any communications by you or on your behalf with any third party concerning this litigation.

## CERTIFICATE OF SERVICE

I, Richard H. Morse, hereby certify that on February 14, 2008, I caused copies of the foregoing document to be served on the following in the manner indicated:

### BY E-MAIL AND HAND DELIVERY

Jeffrey S. Goddess, Esquire
Rosenthal Monhait Gross & Goddess, P.A.
Mellon Bank Center
919 Market Street, Suite 1401
P. O. Box 1070
Wilmington, DE 19899

Brian D. Long, Esquire
Rigrodsky & Long, P.A.
919 North Market Street, Suite 980
Wilmington, DE 19801

### BY E-MAIL AND FEDERAL EXPRESS

William E. Applegate, IV, Esquire [wapplegate@motleyrice.com]
Meghan Oliver, Esquire [moliver@motleyrice.com]
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Richard H. Morse*
Richard H. Morse (I.D. No. 531)
17th Floor, Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6651
rmorse@ycst.com

Attorneys for Defendants