# RIGRODSKY & LONG, P.A.

### ATTORNEYS AT LAW

919 NORTH MARKET STREET, SUITE 980
WILMINGTON, DELAWARE 19801

SETH D. RIGRODSKY*
BRIAN D. LONG**

*ALSO ADMITTED IN NY
**ALSO ADMITTED IN PA

TELEPHONE (302) 295-5310
FACSIMILE (302) 654-7530
WWW.RIGRODSKYLONG.COM

July 9, 2008

**BY ELECTRONIC FILING**

The Honorable Gregory M. Sleet
U.S. District Court
District of Delaware
844 N. King Street
Lockbox 19
Wilmington, DE 19801

> **Re:    *In re MBNA Corp. Securities Litigation,* No. 05-272 (GMS)**

Dear Chief Judge Sleet:

In anticipation of the discovery teleconference scheduled on June 26, 2008 for July 11, 2008 at 10:00 a.m., the parties jointly submit the following item to be presented to the Court:

Plaintiffs' Issue:

- Plaintiffs' request that the Court set a schedule for briefing regarding the sufficiency or insufficiency of Defendants' privilege and redaction logs.

Specifically, Plaintiffs seek leave to brief the following disputed issues:

- Plaintiffs' contention that Defendants have not met their burden to provide sufficient detail to substantiate its claims that the following categories of withheld or redacted documents reflect legal advice rather than business advice: (a) contract negotiations; (b) merger negotiations; (c) draft press releases; (d) meeting notes taken by the Corporate Secretary; (e) draft minutes prepared by the Corporate Secretary; (f) SEC filings and related communications; and (g) tax issues;
- Plaintiffs' contention that Defendants have not met their burden to identify where or how the documents addressed to "File" or produced from Central Corporate

The Hon. Gregory M. Sleet
July 9, 2008
Page 2

Files were stored, and who had access to those documents; and whether access by third parties or those without a need to know, if any, permits application of the claimed privilege;

- Plaintiffs' contention that Defendants have not met their burden to inform Plaintiffs whether the content of various draft documents included in their logs was subsequently disclosed in whole or in part to third parties, and whether such subsequent disclosure, if any, prevents application of the claimed privilege;

- Plaintiffs' contention that Defendants have not met their burden to provide information sufficient to substantiate their claims of privilege for attorney notes or inter-attorney communications;

- Plaintiffs' contention that Defendants have not met their burden to identify all recipients of documents claimed privileged, including, for example, the members of group-wide distribution lists;

- Plaintiffs' contention that Defendants have not met their burden to identify all attendees at all meetings for which individuals' notes taken by attorneys or at meetings attended by attorneys that relate to those meetings were withheld or redacted, and whether the presence at those meetings of third parties or those without a need to know the privileged information, if any, prevents application of the claimed privilege; and

- Plaintiffs' contention that Defendants have not met their burden, in the case of entries such as, "Memorandum with Handwritten Notes," to make individualized claims of privilege for the handwritten notes and the underlying document.

Respectfully,

/s/ Brian D. Long

Brian D. Long (#4347)

cc:   Clerk of the Court
      Stacey Friedman, Esquire