IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE MBNA CORP.<br>SECURITIES LITIGATION | Case No. 05-00272-GMS<br>CONSOLIDATED |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
THE CONSOLIDATED AMENDED COMPLAINT PURSUANT TO RULE 15(a)**

YOUNG, CONAWAY, STARGATT
& TAYLOR, LLP

Richard H. Morse (No. 531)
Michele Sherretta Budicak (No. 4651)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6000
rmorse@ycst.com

OF COUNSEL:

*Attorneys for Defendants*

SULLIVAN & CROMWELL LLP

Richard J. Urowsky
Richard C. Pepperman, II
Stacey R. Friedman
Ryan C. Williams
M. David Possick
125 Broad Street
New York, New York 10004
(212) 558-4000

Dated: August 18, 2008

# TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ..................................................................................1

SUMMARY OF ARGUMENT ........................................................................................................1

STATEMENT OF FACTS ...............................................................................................................3

ARGUMENT....................................................................................................................................6

    I.     Plaintiffs' Motion Was Brought Under the Wrong Rule of Civil Procedure ..........6

          A.     Rule 16 Requires A Showing Of Good Cause............................................6

          B.     Plaintiffs Have Failed To Establish Good Cause........................................7

    II.    Plaintiffs' Motion Also Fails To Meet The Requirements of Rule 15(a)................9

          A.     Plaintiffs' Proposed Amendment Would Be Futile ..................................10

          B.     Plaintiffs Have Unduly Delayed In Seeking To Amend............................12

          C.     Undue Prejudice Is Not Relevant In This Case .........................................13

CONCLUSION...............................................................................................................................14

## TABLE OF AUTHORITIES

**Cases**

*ACA Fin. Guaranty Corp. v. Advest, Inc.*,
512 F.3d 46 (1st Cir. 2008) .................................................................................... 14

*Acito v. IMCERA Group*,
47 F.3d 47 (2d Cir. 1995) ........................................................................................ 12

*Dimensional Communs., Inc. v. Oz Optics, Ltd.*,
148 Fed. Appx. 82 (3d Cir. 2005) ............................................................................ 9

*Eastern Minerals & Chems. Co. v. Mahan*,
225 F.3d 330 (3d Cir. 2000) ................................................................................ 6, 14

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ................................................................................ 10

*Fisher v. Offerman & Co.*,
1996 U.S. Dist. LEXIS 14560 (S.D.N.Y. Sept. 30, 1996) ...................................... 12

*Foman v. Davis*,
371 U.S. 178 (1962) ................................................................................................ 10

*In re Advanta Corp.*,
180 F.3d 525 (3d Cir. 1999) .................................................................................... 11

*Keene v. Sears Roebuck & Co.*,
2007 U.S. Dist. LEXIS 1909 (D.N.J. Jan. 8, 2007) ................................................. 8

*Thoman v. Philips Med. Sys.*,
2007 U.S. Dist. LEXIS 4990 (D.N.J. Jan. 24, 2007) ............................................... 8

*Venetec Int'l, Inc. v. Nexus Med., LLC*,
541 F. Supp. 2d 612 (D. Del. 2008) .................................................................. 6, 7, 8

**Rules**

Fed. R. Civ. P. 15 ........................................................................................................ 9
Fed. R. Civ. P. 15(a) ......................................................................................... 2, 5, 6, 9
Fed. R. Civ. P. 16 ................................................................................................ 6, 8, 12
Fed. R. Civ. P. 16(b)(4) ........................................................................................ 2, 5, 6

**Other Authority**

3 James Wm. Moore, *3 Moore's Federal Practice*, § 16.14 (3d ed. 2008) .............. 6, 8

## NATURE AND STAGE OF PROCEEDINGS

Plaintiffs filed this putative class action alleging violations of the federal securities laws on May 5, 2005 (D.I. 1), and filed their Consolidated Amended Class Action Complaint (hereinafter "Complaint") on December 12, 2005. (D.I. 37). Defendants moved to dismiss the complaint on February 10, 2006. (D.I. 40). On July 6, 2007, this Court denied the motion as to MBNA Corporation ("MBNA"), and individual defendants Bruce L. Hammonds ("Hammonds"), Kenneth A. Vecchione ("Vecchione") and Charles C. Krulak ("Krulak"), but granted the motion to dismiss Count I as to individual defendants John R. Cochran, III ("Cochran") and Richard K. Struthers ("Struthers"). (D.I. 60).

Following the Court's ruling on the motion to dismiss, on July 17, 2007, the Court entered a scheduling order, to which the parties had stipulated. (D.I. 62). The Court's Order required that "[a]ll motions to join other parties and amend the pleadings shall be filed on or before October 5, 2007."

On August 1, 2008, more than nine months after the deadline for plaintiffs to amend their pleadings, plaintiffs filed this motion titled "Motion for Leave to Amend the Consolidated Amended Complaint Pursuant to Rule 15(a)," along with their Opening Brief in Support thereof. (D.I. 128 and 129). This is the defendants' brief in opposition.

## SUMMARY OF ARGUMENT

Plaintiffs' motion to amend their complaint to add as individual defendants Cochran and Struthers, whom this Court already once removed, should be denied.

1. Plaintiffs' motion is in violation of the scheduling order entered by the Court in this action (D.I. 62). Plaintiffs have not made any attempt to justify this violation and, in fact, fail even to mention it at all.

1

2.  Because plaintiffs' motion would require a modification of the scheduling order, the Federal Rule of Civil Procedure that governs plaintiffs' motion is Rule 16(b)(4), not Rule 15(a). Plaintiffs do not address Rule 16(b)(4) in any of their papers.

3.  Under Rule 16(b)(4), the standard for modification of a scheduling order is "good cause." Plaintiffs have not demonstrated, and cannot demonstrate, good cause. The only possible argument they could make, that the recent completion of fact discovery constitutes good cause, fails for several reasons. First, plaintiffs agreed to a scheduling order that provided that the deadline for either party to amend pleadings would be before any significant discovery got under way. Second, plaintiffs have not acted diligently in seeking to amend their complaint. Some of the information on which they rely was publicly available for years, and other information, such as that obtained through documents defendants produced or in depositions, has been in plaintiffs' possession for months.

4.  Even if this Court were to consider the factors relevant to a Rule 15(a) analysis, plaintiffs' motion for leave should still be denied. The proposed amendments to the complaint would be futile, as they do not address any of the reasons why the Court dismissed Cochran and Struthers from Count I in the first place. Moreover, plaintiffs have unduly delayed in bringing this motion and acted in bad faith by waiting to do so until a time they apparently found strategically advantageous.

For all of these reasons, plaintiffs' motion seeking leave to amend its complaint should be denied.

## **STATEMENT OF FACTS**

*The Allegations*

In the Complaint, plaintiffs alleged that defendants made a number of false or misleading statements in violation of the federal securities laws. In particular, they alleged that defendants deceived the market by stating that (i) the size of a restructuring charge was unexpected (Complaint ¶ 2); (ii) MBNA would experience 10% earnings growth in 2005 (*id.* ¶¶ 2, 83-86); and (iii) one of the company's assets, known as the "interest-only strip receivable," was worth more than it actually was (*Id.* ¶¶ 3-4, 82). Defendants moved to dismiss the complaint on February 10, 2006.

*The Court's Opinion Dismissing Cochran and Struthers From this Action*

On July 6, 2007, the Court dismissed Count I against individual defendants Cochran and Struthers. In its Opinion, D.I. 60, the Court held that the allegations against Cochran and Struthers were not adequate to establish a strong inference of scienter, as set forth in the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). (Memorandum Opinion ("Mem. Op.") at 12-13). In particular, the Court noted that "[t]he plaintiffs make only two allegations that explicitly name [Cochran and Struthers]." These two allegations were that: 1) defendants sold their shares of MBNA stock in a way that was "unusual in scope and timing;" and 2) defendants were among those who received "the Package" of MBNA financial statements and related documents. (*Id.* at 12). As to the first allegation, the Court held that "Struthers' and Cochran's sales of relatively small proportions of their stock, without more, are not sufficient to create such an inference." (*Id.* at 12-13). As to the second allegation, the Court held that it "does nothing more than establish that Struthers and Cochran had access to some relevant financial

3

information." (*Id.* at 13). Neither allegation, the Court held, was sufficient to establish a "strong inference" of scienter. (*Id.*).[1]

### *The Parties Agree to a Scheduling Order and, Later, an Amended Scheduling Order*

Following the Court's ruling dismissing Count I against Cochran and Struthers, the parties negotiated, and ultimately agreed to, a schedule leading up to trial. On July 17, 2007, the Court entered the parties' proposed scheduling order (the "Scheduling Order"). This Order required that "[a]ll motions to join other parties and amend the pleadings shall be filed on or before October 5, 2007." (Scheduling Order, ¶ 2).

The October 5 deadline for amendment of pleadings passed, and neither party sought to amend. In January of 2008, the parties agreed to revise the scheduling order that was currently in place to extend fact and expert discovery deadlines. The revisions that the parties agreed to were submitted to the Court, and on February 19, 2008, the Court entered the amended scheduling order (the "Amended Order").

During the parties' negotiations regarding the terms of the Amended Order, plaintiffs made no mention of potentially needing to amend their complaint upon completion of discovery. The Amended Order does not contain a provision addressing motions to amend pleadings. In addition, the parties subsequently stipulated to further amendments to the proposed Scheduling Order in this action—the most-recent amendment was submitted to the Court on June 18, 2008 (D.I. 121), after all documents had been produced and all but one deposition had already taken place. Yet plaintiffs still made no mention of potentially needing to amend their complaint.

---

[1] In addition to ruling that plaintiffs' allegations were insufficient to meet the requirements of the PSLRA, the Court also held that "[t]he plaintiffs' blanket allegations against 'the defendants' and 'management' do not meet the particularity requirements of Rule 9(b) . . . ." (Mem. Op. at 13).

4

*Plaintiffs Seek to Amend Their Complaint*

Plaintiffs filed their motion to amend the complaint on August 1, 2008, seeking to reassert Count I against Cochran and Struthers. (D.I. 128). The proposed amended complaint does not contain allegations as to Cochran or Struthers that differ significantly different from those in the original complaint, which this Court ruled were insufficient to meet the requisite pleading requirements. The only new allegations are that:

- "[I]ndividual Defendants received frequent 'Financial Updates' during the second half of 2004 and through the Class Period . . . ." (Proposed Amended Complaint ¶ 55)

- "These Financial Updates were discussed at regular 'NIBT Meetings,' which Cochran and Struthers regularly attended . . . . (*Id.* ¶ 56)

- "MBNA executives, including Cochran and Struthers, received periodic reports . . . that documented the increasing payment rates." (*Id.* ¶ 57).

- "[T]he entire Executive Committee was present on the [January 21, 2004 "Investor Day" call], including . . . Cochran and Struthers." (*Id.* ¶ 88).

- "If MBNA's next income growth for 2004 had been a mere two percent lower, the MBNA Executive Committee, including . . . Cochran and Struthers would have earned no bonus in 2004. (*Id.* ¶ 103)

There are no new allegations with regard to Cochran's and Struthers' stock sales.

## ARGUMENT

I. **Plaintiffs' Motion Was Brought Under the Wrong Rule of Civil Procedure**

Plaintiffs base their entire request for relief on Federal Rule of Civil Procedure 15(a) and completely ignore Rule 16(b)(4), which actually governs motions to amend brought after the deadline in a scheduling order for making such motion has passed. *Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 618 (D. Del. 2008) ("This jurisdiction recognizes that motions to amend which, in effect, operate to change the scheduling order are controlled by 16(b).").

    A.    Rule 16 Requires A Showing Of Good Cause

Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The Rule 16(b) "good cause" standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend pleadings filed after the deadline set in the scheduling order for amending the pleadings." 3 James Wm. Moore, *Moore's Federal Practice*, § 16.14[1][a] at 16-72 (3d ed. 2008) (hereinafter "*Moore's*"); *see also Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 339-40 (3d Cir. 2000) (affirming district court's denial of motion to amend brought six months after scheduling order's deadline for failure to show good cause under Rule 16 and noting court was not required to look at Rule 15(a) as well).

The test applied under Rule 16 is clear. "Unlike Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant and not on prejudice to the non-moving party." *Venetec*, 541 F. Supp. 2d at 618. In determining whether good cause exists, the court's focus should be on the movant's reasons (or lack thereof) for failing to meet the deadlines set forth in the scheduling order. *Id.* ("The good cause element requires the movant to demonstrate

that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner.").

The rationale for the heightened "good cause" standard, as opposed to the liberal standard of Rule 15(a), is important: "[Scheduling] orders and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in an efficient, just and certain manner. The control of these schedules is deliberately reposed in the court, and not in counsel, so that this end may be achieved." *Moore's,* § 16.14 [1][a] at 16-71. (quoting *Rouse v. Farmers State Bank,* 866 F.Supp. 1191, 1198 (N.D. Iowa 1994)).

B.  Plaintiffs Have Failed To Establish Good Cause

Not only have plaintiffs failed to set forth a sufficient reason for ignoring the Scheduling Order's deadline for amending pleadings, but they fail even to mention this deadline in their brief at all. In their papers, plaintiffs provide no reasons for why they waited so long to bring this motion.

The only reference in plaintiffs' brief that could possibly be construed as an attempt to justify their failure to comply with this Court's order is their assertion that they needed to complete discovery before they could determine whether they had a sufficient basis to move to amend. Such an argument, however, falls short of the mark in several ways.

First, plaintiffs' argument that they were entitled to wait until the end of fact discovery to amend their complaint makes no sense in light of the scheduling order to which plaintiffs agreed, which provided that the time to amend pleadings would pass well *before* the close of fact discovery. Even more damaging to plaintiffs' argument is that, when the parties jointly proposed an amendment to the Scheduling Order in January of 2008, half way through fact discovery, plaintiffs still made no mention of a possible need to amend their complaint. Plaintiffs again

7

made no mention of their intention to amend the complaint when the schedule was again extended in June 2008. By that time, fact discovery was complete with the exception of one third party deposition. Accordingly, the Amended Scheduling Order to which plaintiffs agreed contains no provision allowing for either party to move to amend the pleadings now. *See Venetec*, 541 F. Supp. 2d 612, 622 (D. Del. 2008) ("What Nexus is requesting is relief from a due date to which it agreed and for which it never notified the court of a need to modify before its passing. Moreover, it is the responsibility of each party to determine what claims are appropriate to bring in a timely fashion."); *Thoman v. Philips Med. Sys.*, 2007 U.S. Dist. LEXIS 4990, at *28 (D.N.J. Jan. 24, 2007) (holding that "plaintiff has not satisfied the good cause standard necessary to amend the Complaint" under Rule 16); *Keene v. Sears Roebuck & Co.*, 2007 U.S. Dist. LEXIS 1909, at *24-28 (D.N.J. Jan. 8, 2007) (same).

Second, plaintiffs cannot demonstrate good cause based on the recent completion of fact discovery because some of plaintiffs' new allegations are based on information that was available to plaintiffs long before the deadline for amendments to pleadings or, at the very least, months before they filed this motion. For example, one of plaintiffs' new allegations is that "the entire Executive Committee was present on the [January 21, 2004 "Investor Day" call], including . . . Cochran and Struthers." (Proposed Amended Complaint at ¶ 88). The transcript for that call lists Cochran and the Executive Committee members as attendees.[2] Plaintiffs' counsel, who filed suit on May 5, 2005, certainly had access to that document by the time they filed suit. Accordingly, plaintiffs have no excuse for not including this allegation in their initial complaint in 2005, let alone an excuse as to why it could not have been included in an amendment prior to

---

[2] Plaintiffs alleged that Struthers was Vice Chairman and Chief Lending Officer of MBNA, (Compl. ¶ 19), so they would have known he was a member of the Executive Committee.

8

the Scheduling Order's deadline. *See Dimensional Communs., Inc. v. Oz Optics, Ltd.*, 148 Fed. Appx. 82, 85 (3d Cir. 2005) (denying leave to amend under Rule 16 where party seeking leave "was in possession of the facts underlying its proposed counterclaim well before the amendment deadline").

Likewise, the information plaintiffs rely on for their other new allegations has all been in their possession for months. Defendants substantially completed their document production in early May, and the depositions of Cochran and Struthers were complete in April and May, respectively. Plaintiffs have offered no justification as to why this motion could not have been filed months ago at the very latest.[3]

## II. Plaintiffs' Motion Also Fails To Meet The Requirements Of Rule 15(a)

Even assuming Rule 15 governs plaintiffs' motion, the standards for granting leave to amend under Rule 15 have not been met either. Although Rule 15(a) provides that "the court should freely give leave when justice so requires," leave will not be granted if one of a number of factors is present, including undue delay, bad faith on the part of the movant, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (noting the same in the context of a case governed by the PSLRA).

---

[3] *Moore's* suggests that a court may consider factors in addition to good cause, such as the importance of the proposed amendment, the potential prejudice in allowing the amendment, and the availability of a continuance to cure potential prejudice. *See Moore's* at § 16.14[1][b] at 16-73. Even if the Court were to consider these additional factors, plaintiffs' motion should still be denied. Plaintiffs have not set forth any reason why the amendment is important. When the new allegations are examined, it becomes clear that the amendment is substantially duplicative of the existing allegations and would therefore be futile. (*See infra at 10-11*). Finally, the amendment does prejudice defendants who, having succeeded in having these two individual defendants dismissed from Count I prior to the start of discovery, proceeded with discovery with that in mind.

9

Plaintiffs assert that leave should be granted here because 1) the amendments would not be futile; 2) there has not been undue delay or bad faith; and 3) there is no prejudice. ("Pls. Br." at 6-9). Each of these arguments fails.

A.  Plaintiffs' Proposed Amendment Would Be Futile

Plaintiffs state that the allegations in their proposed amended complaint "state claims against Cochran and Struthers with sufficient particularity to comply with the heightened pleading standard of the PSLRA." (Pls.' Br. at 9). But, even if these new allegations were taken as true and viewed in the light most favorable to plaintiff, they would not survive a motion to dismiss.[4]

As this Court stated in its Memorandum Opinion on defendants' motion to dismiss, "the PSLRA requires a 'strong inference' that the defendants acted with the required state of mind and, accordingly, alters the normal operation of inferences under Rule 12(b)(6)." (Mem. Op. at 7, citing *In re Advanta Corp.*, 180 F.3d 525, 530 (3d Cir. 1999)). With respect to plaintiffs' original complaint, the Court found that plaintiffs' only allegations regarding Cochran and Struthers did not support a strong inference of scienter. The insufficient allegations were: 1) that Cochran and Struthers sold their stock "in a way that was 'unusual in scope and timing'" and 2) that Cochran and Struthers regularly received a series of MBNA financial statements and related documents that they referred to as "the Package."

---

[4]  Plaintiffs cite a number of documents in their opening brief in support of their argument that the proposed amendments would not be futile. We do not address these documents because they would not be properly considered in a futility analysis, which, as plaintiffs themselves concede, takes into consideration only "pleaded allegations." (Pls.' Br. at 9). For this reason, the argument contained on pages 10 through 13 of plaintiffs' opening brief should be disregarded entirely.

Plaintiffs' new allegations do not support a strong inference of scienter any more than the allegations in the original complaint. For example, several of the new allegations say only that Cochran and Struthers had access to financial information and attended meetings at which such information was discussed. (Proposed Amended Compl. ¶¶55-56 ("[I]ndividual Defendants received frequent "Financial Updates" during the second half of 2004 and through the Class Period . . . ." that "were discussed at regular 'NIBT Meetings,' which Cochran and Struthers regularly attended . . . ."); ¶ 57 ("MBNA executives, including Cochran and Struthers, received periodic reports . . . that documented the increasing payment rates.")). These new allegations do not address the problem the Court identified in its opinion dismissing these individuals, that the allegations "do[] nothing more than establish that Struthers and Cochran had access to some relevant financial information. Such an inference of access is not sufficient to meet the 'strong inference' requirement for pleading scienter under the PSLRA." (Mem. Op. at 13).

Another example is plaintiffs' new allegation that "[i]f MBNA's next income growth for 2004 had been a mere two percent lower, the MBNA Executive Committee, including . . . Cochran and Struthers would have earned no bonus in 2004." (Proposed Amended Complaint ¶ 103). This new allegation is irrelevant to plaintiffs' case, which is that there were disclosure violations. Moreover, as a matter of law, the alleged existence of a performance-based compensation system does not evince a motive to commit fraud. *Acito v. IMCERA Group*, 47 F.3d 47, 53 (2d Cir. N.Y. 1995). If such allegations were sufficient, "every underwriter, law firm, accountant, and investment advisor whose compensation or commission depended on the completion . . . [of business goals] would have a motive to commit fraud . . . ." *Fisher v. Offerman & Co.*, 1996 U.S. Dist. LEXIS 14560, at *22 (S.D.N.Y. Sept. 30, 1996).

Finally, the allegation that "the entire Executive Committee was present on the [January 21, 2004 "Investor Day" call], including . . . Cochran and Struthers," Proposed Amended Complaint ¶ 88, also does not give rise to a strong inference of scienter, again because it merely establishes that Cochran and Struthers were present when someone else predicted earnings growth. This is just another example of the type of allegations that the Court has already held were insufficient as "blanket allegations against 'the defendants' and 'management' [that] do no meet the particularity requirements of rule 9(b) or the PSLRA." (Mem. Op. at 13).

B.   Plaintiffs Have Unduly Delayed In Seeking To Amend

Plaintiffs have unduly delayed in several respects. First, with regard to at least one of plaintiffs' new allegations, the information on which plaintiffs rely has been publicly available for years. The new allegation in ¶ 88 states: "the entire Executive Committee was present on the [January 21, 2004 "Investor Day" call], including . . . Cochran and Struthers." The transcript for that call lists Cochran and the Executive Committee members as attendees.

Second, plaintiffs unduly delayed by ignoring the Scheduling Order's deadline for seeking leave to amend, which was more than 9 months ago, and failing to mention the possibility of an amended complaint when negotiating a revised scheduling order six months ago.

Finally, in denying undue delay, plaintiffs tout their lack of bad faith. But plaintiffs waited to file their motion for leave to amend until August 1, 2008, a day that makes defendants' answering brief due during the same week that defendants' expert reports are due and defendants' response to plaintiffs' privilege challenge is due. Such "gamesmanship" should be considered by the Court. *See ACA Fin. Guaranty Corp.* v. *Advest, Inc.*, 512 F.3d 46, 57 (1st Cir.

2008) (relying on the plaintiffs' gamesmanship in denying their motion to amend, and scolding plaintiffs for "waiting in the wings for a year and a half" . . . .").

    C.    <u>Undue Prejudice Is Not Relevant In This Case</u>

Although plaintiffs spend nearly two pages of their brief asserting a lack of prejudice, a finding of prejudice is not necessary to preclude amendment under a Rule 15 analysis where there are other reasons to deny leave to amend. *See Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 339 (3d Cir. 2000) (affirming district court's denial of motion for leave to amend for both failure to show good cause under Rule 16 and for delay under Rule 15, without consideration of additional Rule 15 factors). As discussed above, plaintiffs' motion should be denied because it is futile, because they unduly delayed in seeking leave to amend and because they acted in bad faith in doing so. Moreover, plaintiffs' eleventh hour assertion of a new claim would be necessarily prejudicial to defendants as it would divert some of defendants' resources from the case they have addressed throughout discovery. Finally, as discussed above in Section I, the existence of prejudice (or any of the Rule 15 factors) is not relevant where a motion to amend must pass the scrutiny of Rule 16, under which prejudice is not the issue. *See discussion at 8-9, supra.*

## **CONCLUSION**

For all of the foregoing reasons, defendants respectfully request that this Court deny plaintiffs' motion for leave to amend.

Dated: August 18, 2008

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Michele Budicak*

Richard H. Morse (No. 531)
Michele Sherretta Budicak (No. 4651)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6000
rmorse@ycst.com

*Attorneys for Defendants*

Of Counsel:

SULLIVAN & CROMWELL LLP
Richard J. Urowsky
Richard C. Pepperman, II
Stacey R. Friedman
Ryan C. Williams
M. David Possick
125 Broad Street
New York, New York 10004
(212) 558-4000

## CERTIFICATE OF SERVICE

I, Michele Sherretta Budicak, hereby certify that on August 18, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF which will send notification that such filing is available for viewing an downloading to the following counsel or record:

>Seth D. Rigrodsky, Esquire
>Milberg Weiss Bershard & Schulman LLP
>919 North Market Street, Suite 411
>Wilmington, DE 1901

>YOUNG CONAWAY STARGATT
>& TAYLOR, LLP
>
>*/s/ Michele Budicak*
>Richard H. Morse (#531)
>Michele Sherretta Budicak (#4651)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>(302) 571-6600
>rmorse@ycst.com
>mbudicak@ycst.com