UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE MBNA CORP.<br>SECURITIES LITIGATION | Case No. 1:05-CV-00272-GMS<br>CONSOLIDATED |

## [PROPOSED] ORDER AND FINAL JUDGMENT

On the __6th__ day of __Oct.__, 2009, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Proposed Settlement Agreement dated May 1, 2009 (the "Settlement") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Defendants in the Complaint now pending in this Court under the above caption, including the release of the Released Defendant Entities, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of Defendants and as against all persons or entities who are Settlement Class Members herein who have not validly requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Settlement Class Members; and (4) whether and in what amount to award Plaintiff's Counsel fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all reasonably identifiable persons or entities, as shown by the records of MBNA's transfer agent, at the respective addresses set forth in such records, who purchased the common stock of MBNA Corporation ("MBNA") between January 20, 2005 and April 20, 2005, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of MBNA's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the

Court was published in *Investor's Business Daily* and transmitted over *Business Wire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Litigation, the class representative, all Class Members, and the Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the class representative are typical of the claims of the Class they seek to represent; (d) the class representative and Plaintiffs' Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finally certifies this action as a class action on behalf of all persons who purchased MBNA common stock between January 20, 2005 and April 20, 2005, inclusive, and who were damaged thereby. Excluded from the Class are Defendants, members of the immediate families of the Individual Defendants, former officers and directors of MBNA who were affiliated with MBNA during any party of the period from January 20, 2005 through April 20, 2005, current directors and officers of Bank of America and the legal representatives, heirs, successors, or assigns of any such

excluded Person. Also excluded from the Settlement Class are those Persons who validly requested exclusion from the Settlement Class pursuant to the terms set forth in the Notice.

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finally certifies Lead Plaintiff Société Générale Securities Services Kapitalangegesellschaft mbh for account of the PT-Master fund as class representative, and appoints Motley Rice LLC as class counsel.

5. Notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the Settlement meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. The Settlement is not an admission by Defendants of, and this Order and Final Judgment is not a finding of, the validity of any claims in the Litigation or of any wrongdoing by Defendants. Neither this Order and Final Judgment, nor the Settlement, nor any document referred to therein, nor any action taken to carry out the Settlement, is or may be construed as or may be used as an admission by or against any of the Released Parties of any fault, wrongdoing or liability whatsoever, and neither this Order and Final Judgment, nor the Settlement, nor any document referred to therein shall be offered or received in evidence in any action or proceeding against any of the Released Parties in any court, administrative agency, arbitration or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Order and Final

Judgment or the Settlement. Neither this Order and Final Judgment, nor the Settlement, nor any document referred to therein, nor any action taken to carry out the Settlement, is or may be construed as or received in evidence as an admission, concession or presumption against the class representative or any of the Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

7. The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement.

8. The Complaint is hereby dismissed with prejudice and without costs as against any party.

9. The class representative and Settlement Class Members on behalf of themselves and on behalf of their past or present subsidiaries, parents, successors, predecessors, officers, directors, agents, employees, attorneys, advisors, investment advisors, insurers, auditors, and accountants, legal representatives, heirs, executors, trustees, administrators, and assigns (but only in those persons' and entities' capacities as such to the Class Member, not by those persons and entities as themselves independent of their relationship to a Class Member), shall hereby release and forever discharge each and every one of the Released Claims, and shall hereby forever be enjoined from prosecuting the Released Claims against any of the Released Defendant Entities.

10. The class representative and all Class Members who did not submit valid requests for exclusion, whether or not they file a Proof of Claim within the time provided for, and

whether or not they receive any distributions from the Settlement Fund, are permanently barred, enjoined and restrained from commencing, prosecuting or asserting the Released Claims.

11. Defendants, on behalf of themselves and the Defendants' Related Parties, shall hereby release and forever discharge each and every one of the Released Defendants' Claims, and shall hereby forever be enjoined from prosecuting the Released Defendants' Claims against the class representative, all Class Members and Plaintiffs' Counsel.

12. To the maximum extent permitted by law, the Court hereby bars (a) any action or claim for contribution or indemnification arising out of the Litigation against any Defendant(s) and (b) any action or claim for contribution or indemnification arising out of the Litigation by or on behalf of any Defendant(s).

13. The Released Defendant Entities, Released Plaintiff Entities, Plaintiffs' Counsel and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to, the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, calculation or payment of Class Members' claims, the payment or withholding of any local, state or federal governmental charge, levy, or tax lawfully imposed thereon, or any losses incurred in connection therewith.

14. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with its terms and provisions.

15.     Upon review of the record, the Court finds that the Settling Parties, Plaintiffs' Counsel and Defendants' Counsel have complied with each requirement Federal Rule of Civil Procedure 11(b) as to every complaint, responsive pleading, and dispositive motion herein.

16.     Plaintiffs' Counsel are hereby awarded __30__ % of the gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $ __1,100,869.79__ in reimbursement of expenses, which expenses should be paid to Plaintiff's Lead Counsel and Liaison Counsel from the gross Settlement Fund with interest from the date such gross Settlement Fund was funded to the date of payment at the same net rate that the gross Settlement Fund earns. This award shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Litigation.

17.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)     the settlement has created a fund of $25,000,000 in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit valid Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b)     Over 177,000 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving the Court to award them attorneys' fees, limited to a total of thirty percent (30%) of the Settlement Fund, and expenses incurred in connection with the prosecution of this Litigation and. No objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

  (c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

  (d) The action involves complex factual and legal issues and was actively prosecuted over four years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

  (e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a risk that the class representative and the Class may have recovered less or nothing from Defendants;

  (f) Plaintiffs' Counsel have devoted approximately 13,511.05 hours, with a lodestar value of $5,656,278.50, to achieve the Settlement; and

  (g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

  18. The Court reserves jurisdiction, without affecting the finality of this Judgment, over the parties and the Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

  19. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

Dated:  Wilmington, Delaware
     Oct. 6            , 2009

_____
Honorable Gregory M. Sleet
CHIEF UNITED STATES DISTRICT JUDGE